IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ASSOCIATED INDEMNITY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 06-00187-CV-W-REL |
| ) | |
| STEPHEN SMALL, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF ASSOCIATED INDEMNITY CORPORATION'S RULE 12(b)(6) MOTION TO DISMISS AND ALTERNATIVE RULE 12(f) MOTION TO STRIKE**

Before the court is Plaintiff Associated Indemnity Corporation's Rule 12(b)(6) Motion to Dismiss and Alternative Rule 12(f) Motion to Strike and accompanying suggestions in support (Doc. Nos. 36, 37). Plaintiff Associated Indemnity Corporation ("AIC") moves the court to dismiss Counts I through XIV of Defendant's counterclaim or, in the alternative, strike all irrelevant and repetitious material. Plaintiff AIC further requests that Counts II, III, IV, V, VI, VII, IX, X, and XIII be stricken, or alternatively dismissed, for failure to plead elements of the respective theories of recovery or because they appear to assert claims not recognized under Missouri law. Lastly, Plaintiff AIC requests that, at a minimum, Defendant be required to make a more definite statement pursuant to Federal Rule of Civil Procedure 8(e). For the following reasons, Counts III, IV, VIII, IX, X, and XIII are dismissed, and Defendant is ordered to amend Counts I, II and XIV of the counterclaim to provide more definite statements.

1

## I. BACKGROUND

Plaintiff AIC issued Defendant a homeowner's policy. After the insured property sustained storm damage, the parties disagreed as to the amount of the loss and the method by which the amount of such loss should be determined. On March 1, 2006, Plaintiff AIC filed a Complaint for Declaratory Judgment (Doc. No. 1), asking the court to construe various provisions of the policy. On November 1, 2006, Defendant filed an Answer and Counterclaim against Plaintiff AIC; this document also included a Third-Party Complaint against David McClean (Doc. No. 29).

Plaintiff AIC filed the instant Rule 12(b)(6) Motion to Dismiss and Alternative Rule 12(f) Motion to Strike and Suggestions in Support on December 11, 2006 (Doc. Nos. 26, 37). Defendant responded on January 11, 2007 (Doc. No. 45). On January 26, 2007, Plaintiff AIC filed reply suggestions (Doc. No. 46).

## II. STANDARDS OF REVIEW

Plaintiff AIC seeks relief pursuant to three different rules. Specifically, Plaintiff AIC moves the court to: dismiss all fourteen counts of Defendant's counterclaim for failure to comply with Federal Rule of Civil Procedure 12(b)(6); strike all irrelevant material for failure to comply with Federal Rule of Civil Procedure 12(f); or order Defendant to amend his counterclaims to make them more definite. Each standard will be discussed separately.

**A.    MOTION TO DISMISS**

Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed for failure to state a claim. In considering a Rule 12(b)(6) motion, a court cannot dismiss claims unless "it appears beyond doubt that the [claimant] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "The issue is not

2

whether a [claimant] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). As a practical matter, the court should not dismiss a clam under Rule 12(b)(6) unless the allegations on the face of the complaint show "some insuperable bar to relief." Schmedding v. Tnemec Co., Inc., 187 F.3d 862, 864 (8th Cir. 1999). One such bar is an absence of law to support the claim(s). See Luechtefeld v. Unumprovident Corp., No. 4:06CV1241 HEA, 2006 WL 3257719, at *2 (W.D. Mo. Nov. 9, 2006)(dismissing plaintiff's first-party claims against his insurer brought under tort theories of recovery).

**B.    MOTION TO STRIKE**

Federal Rule of Civil Procedure 12(f) allows a court to strike material from a pleading that is "redundant, immaterial, impertinent, or scandalous." Under this standard, entire claims may be stricken if they are redundant. See, e.g., Artis v. Francis Howell North Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998); Pecoraro v. Gen. Am. Life Ins. Co., 130 F. Supp. 2d 1093, 1095 (E.D. Mo. 2001); Ladd v. St. Louis Bd. of Police Comm'rs, 4:05-CV-916-UNA, 2006 WL 2862165, at *5 (W.D. Mo. Oct. 4, 2006); Dethmers Mfg. Co., Inc. v. Automatic Equip. Mfg. Co., 23 F. Supp. 2d 974, 1008 (N.D. Iowa 1998). A court "enjoys liberal discretion under Rule 12(f)." Nationwide Ins. Co. v. Cent. Missouri Elec. Coop., Inc., 278 F.3d 742, 748 (8th Cir. 2001). Despite this discretion, however, motions to strike "are viewed with disfavor and infrequently granted." Lunsford v. United States, 570 F.2d 211, 219 (8th Cir. 1977).

**C.    MOTION FOR MORE DEFINITE STATEMENT**

A motion for a more definite statement is governed by Federal Rule of Civil Procedure 12(e). The rule states that "[i]f a pleading to which a responsive pleading is permitted is so vague or

3

ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed. R. Civ. P. 12(e). "A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." Tinder v. Lewis County Nursing Home Dist., 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001)(internal citations omitted). The decision whether to grant a motion to dismiss is within the sound discretion of the court. See Dethmers Mfg. Co., Inc, 23 F. Supp. 2d at 1008 (quoting McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996)).

## III. ANALYSIS

The appropriate remedy varies depending on the specific claim brought. Where feasible, claims of a similar nature will be discussed together. At the outset, I note that Defendant's counterclaim is replete with references, including in the respective requests for relief, to Fireman's Fund. Fireman's Fund is not a named party in this action. Defendant is therefore ordered to amend these references to reflect the proper parties.

A federal court exercising diversity jurisdiction follows the forum state's choice of law rules to determine the applicable state law. Stricker v. Union Planters Bank, 436 F.3d 875, 877 (8th Cir. 2006). "Missouri has adopted sections 188 and 193 of the Restatement (Second) of Conflict of Laws (1971) in determining choice of law issues as they relate to insurance contracts." Egnatic v. Nguyen, 113 S.W.3d 659, 665 (Mo. App. 2003). According to section 188, "'the most significant relationship' determines the choice of law rules to follow." Id. When dealing with an insurance contract, "section 193 provides that 'the principal location of the insured risk is given greater weight than any other single contact in determining the state of applicable law provided that the risk can be

located in a particular state.'" Id. (quoting Sheehan v. Northwestern Mut. Life Ins. Co., 44 S.W.3d 389, 397 (Mo. App. 2000)). Here, Defendant is a Missouri resident and the insured risks are located at 3328 Harrison Street in Kansas City, Missouri. Missouri law, therefore, governs analysis of Plaintiff AIC's motion.

**A.     COUNT I**

Count I of Defendant's counterclaim is entitled "Breach of Contract, Warranties and for Construction of Adhesion Contract." This count consists of forty-one separately numbered paragraphs, presumably combining many of Defendant's counterclaims sounding in contract. Plaintiff AIC argues for dismissal stating, "in Count I . . . [Defendant] seemingly purports to allege breach of contract, bad faith, promissory estoppel, fraud, violations of specific statutes, violations of regulations, punitive damages, and waiver. It is therefore impossible to discern from [Defendant's] allegations in Count I what precise claim Small is alleging and which of the several forms of relief alleged are proper, since not all are proper for any one known claim." I agree.

My own reading of Count I reveals that Defendant seems to be seeking relief based on the formation of the contract, Plaintiff AIC's alleged failure to pay Defendant's claim pursuant to the express terms of the contract, alleged misrepresentations by Plaintiff AIC's representatives, and because Plaintiff AIC's conduct allegedly constitutes a waiver and/or estoppel. It is unclear precisely what claims Defendant is advancing, the requested remedy, and from whom such remedies are requested. In order to better allow Plaintiff AIC to respond, Defendant is hereby ordered to file an amended counterclaim that more clearly states his claims on or before April 9, 2007. Defendant should be mindful that Federal Rule of Civil Procedure 10(b) states each claim "founded upon a

5

separate transaction or occurrence . . . shall be stated in a separate count" in order to facilitate clear presentation. If Defendant fails to file an amended counterclaim, Count I will be dismissed.

B.  **COUNTS II and XIV**

The second count of Defendant's counterclaim is for vexatious refusal. In order to establish a claim for vexatious refusal, a party must prove that (1) he or she had an insurance policy with an insurance company, (2) the insurance company refused to pay, and (3) such refusal to pay was without reasonable cause or excuse. Dhyne v. State Farm Fire and Cas. Co., 188 S.W.3d 454, 457 (Mo. banc 2006)(citing R.S. Mo. § 375.420). Count II of Defendant's counterclaim sets forth the following elements:

> 101. Defendant was insured by Fireman's Fund, suffered the aforementioned losses to personal and real property, loss of use and otherwise under the insurance policies, and demanded payment under the policy and Fireman's Fund for losses to personal property, real property, loss of use of the property, and other contractual payments.
> 102. Fireman's Fund failed to repair Defendant's house as promised, and refused to pay Defendant's demands for loss of use of value, living expenses, damage to realty and damage to personal property for more than 30 days after demand thereof.
> 103. Fireman's Fund's refusal and failure to pay and or repair or replace was vexatious and without reasonable cause and recalcitrant.
> 104. § 375.296 R.S.Mo. provides for Additional damages for vexatious refusal to pay including interest on the sums due, damages or vexatious refusal to pay and attorneys fees.
> 105. § 375.420 R.S.Mo. provides that in addition to those additional damages permitted pursuant to § 375.296 R.S.Mo. that the court shall enter judgment for the amount of Plaintiff's damages plus interest, plus reasonable attorneys fees, plus an amount of statutory damages, in addition to all other recoverable damages, in an amount of 20% of the first $1500 and 10% of the loss in excess of attorneys fees.
>                                              . . .
> WHEREFORE, Defendant prays that the court enter judgment for statutory interest, attorneys fees, statutory damages, the costs and expense of this action, actual and punitive damages, and for such other and further relief as may be appropriate.

6

Count XIV is untitled and contains the following averments:

> 241. Paragraphs 1 through 240 are incorporated herein and made a part hereof as if again set forth in full.
> 242. That the Plaintiff and McClean's conduct as described herein above violates § 375.420 R.S.Mo. thereby entitled Defendant to the damages as set forth in said statute as well as the additional damages authorized by § 375.296.
>
> WHEREFORE, Defendant demands judgment against Plaintiff and McClean in all amounts proved at trial plus interest, costs and attorney's fees; and for such other and further relief as the Court may deem just and proper in the premises.

Both of these counts properly state a claim for vexatious refusal. However, Counts II and XIV appear to assert the exact same claim and I fail to see how they differ. Defendant is, therefore, ordered to file an amended counterclaim that demonstrates Counts II and XIV are not merely duplicative on or before April 9, 2007. In doing so, Defendant shall also make clear against whom relief is sought in Count II. If Defendant fails to amend these counts, Count XIV will be stricken as "redundant" pursuant to Rule 12(f).

**C.    COUNTS III, IV, VIII, IX, X and XIII**

Defendant's counterclaim also contains six claims sounding in tort based on the way in which Plaintiff AIC handled his claim and ultimately failed to pay. Specifically, Defendant brings claims for bad faith (Counts III and XIII), prima facie tort (Count IV), breach of fiduciary duty (Count VIII), negligence per se (Count IX), and negligence pursuant to a theory of respondeat superior (Count X).

**1.    Bad Faith**

Under Missouri law, Defendant cannot bring first-party tort claims against Plaintiff AIC for conduct stemming from the manner in which Plaintiff AIC handled Defendant's claim(s). See Overcast v. Billings Mutual Ins. Co., 11 S.W.3d 62, 69 (Mo. banc 2000)(stating "an insurance company's denial of coverage itself is actionable only as a breach of contract and, where appropriate,

7

a claim for vexatious refusal to pay); see also Luechtefeld, 2006 WL 3257719, at * 2 (applying Missouri law). The Missouri Supreme Court has stated, "When an insurance company wrongfully refuses payment of a claim to its insured, the company has simply breached its contract." Id. at 67. "No tort claim has supplanted or supplemented the basic contract claim and remedy where an insurance company wrongfully refuses to pay a loss incurred by its own insured." Id. Because Counts III and XIII of Defendant's counterclaim are not supported by Missouri law, they are dismissed for failure to state a claim as to Plaintiff AIC.

### 2. Prima Facie Tort

Count IV is a claim for prima facie tort in which Defendant seeks relief for (1) the way Plaintiff AIC handled and refused to pay his claim, (2) Plaintiff AIC refusing "to withdraw confidential and private financial, scandalous, impertinent, and settlement privileged documents, or to request [that] such matters . . . be sealed," and (3) Plaintiff AIC instituting this lawsuit in federal court. Missouri law provides that "[a] party may not invoke prima facie tort to circumvent a limitation on the scope of a cause of action, to evade a defense to a recognized tort claim, or as a substitute for a submissible case that it can make under another tort." Kelly v. Golden, 352 F.3d 344, 351 (8th Cir. 2003)(citing Nazeri v. Missorui Valley College, 860 S.W.2d 303, 315 (Mo. banc 1993)). For instance, the Missouri Supreme Court has held that an insured cannot bring an action under the prima facie tort theory against his or her insurer since it "would circumvent the will of the legislature in enacting the vexatious delay and exemption statutes." Catron v. Columbia Mut. Ins. Co., 723 S.W.2d 5, 6 (Mo. banc 1987); see also Overcast, 11 S.W.3d at 67.

Defendant thus cannot bring an action for prima facie tort on any of the three grounds advanced. That is, the Missouri Supreme Court has expressly refused to allow a prima facie tort

8

claim by an insured against his or her insurer. Defendant has contemporaneously sought relief for Plaintiff AIC's alleged disclosure of confidential documents through a public disclosure of private facts claim. The institution of a lawsuit in federal in federal court is not actionable as a prima facie tort. Count IV of Defendant's counterclaim against Plaintiff AIC is dismissed for failure to state a claim.

### 3. Breach of Fiduciary Duty

The eighth count of Defendant's counterclaim is for breach of fiduciary duty. Generally, a fiduciary duty does not exist between an insurer and its insured. Koger v. Hartford Life Ins. Co., 28 S.W.3d 405, 411 (Mo. App. 2000); Duncan v. Andrew County Mut. Ins. Co., 665 S.W.2d 13, 19 (Mo. App. 1993)("In first party claims by insureds against insurers under policies affording coverage for loss or damage to property and related types of insurance, the parties occupy a contractually adversary or creditor-debtor status as opposed to standing in a fiduciary relationship."). Such a duty will only arise where the nature of the relationship imports an additional obligation of trust. Varnal v. Weathers, 619 S.W.2d 825, 828 (Mo. App. 1981)("[T]he mere relationship of insurer and insured [does not] import an obligation of trust.").

Here, Defendant's averments do not establish that he had the type of relationship with Plaintiff AIC that imported an additional obligation of trust. To the contrary, Defendant paid Plaintiff AIC a premium for a homeowner's insurance policy and the two were merely connected by their respective insured/insurer status. Count VIII of Defendant's counterclaim against Plaintiff AIC is consequently dismissed for failure to state a claim recognized by Missouri law.

### 4. Negligence Per Se

In his ninth count, Defendant asserts a claim of negligence per se for alleged violations "of § 375.0000, et seq., and the Missouri State Code of Insurance Regulations in the sale, administration, [and] adjustment of Defendant's homeowner's insurance coverages and claim." This claim is premised on the way in which Plaintiff AIC handled Defendant's claim. As discussed above, an insured may not bring a first party tort claim against his or her insurer regarding the handling or nonpayment of a claim; the proper remedy is a contract action. Moreover, § 375.0000(2) expressly states, "Nothing in sections 375.1000 to 375.1018 shall be construed to create or imply a private cause of action for violation of sections 375.1000 to 375.1018." Count IX is dismissed as to Plaintiff AIC for failure to state a claim.

### 5. Negligence

Count X asserts claims of negligence based on respondeat superior against Plaintiff AIC. Defendant seeks relief for the way in which Plaintiff AIC's employee David McClean handled his claims and Plaintiff AIC's ultimate refusal to pay. Because an insured may not bring a first party tort claim against his or her insurer regarding the handling or nonpayment of a claim, Count X is dismissed as to Plaintiff AIC.

### D. COUNT V

In Count V, Defendant brings a claim for "Invasion of Privacy and Solitude." An action for invasion of privacy encompasses four distinct torts: (1) intrusion on the seclusion or solitude of another; (2) public disclosure of private facts; (3) publicity that places another in a false light; and (4) appropriation of another's name or likeness. Y.G., et al. v. Jewish Hosp. of St. Lewis, 795 S.W.2d 488, 497 (Mo. App. 1990). The facts pled by Defendant in Count V, as well as his response

to Plaintiff AIC's motion, reveals that his claim is for the tort of public disclosure of private facts. The elements for this cause of action include "(1) publication or 'publicity,' (2) absent any waiver or privilege, (3) of private matters in which the public has no legitimate concern, (4) so as to bring shame or humiliation to a person of ordinary sensibilities." Id. at 498-99.

Defendant's counterclaim properly pleads the requisite elements:

53. In this litigation Fireman's Fund has published privileged settlement negotiation documents as well as insurer-insured privileged documents setting forth information to which Defendant had a reasonable expectation of privacy, which is protected by privacy law, and which is protected under Fireman's Fund's stated privacy policies. Despite notice of objection thereto, and request that the confidential information be sealed and or redacted from the court file and publication to the world on ECF[,] Fireman's Fund has refused and failed to remedy the publications.

. . .

141. In filing this lawsuit [Plaintiff] has intentionally intruded upon the seclusion and privacy of the Defendant as well as the private affairs of the Defendant including, but not limited to publishing the nature and extent of insurance coverages, the location of Defendant's home address, private confidential and privileged financial, insurance and settlement privileged communications.
142. The institution by publication on the Internet and continued publication thereof is unreasonable and offensive and would be considered unreasonable and offensive to a reasonable person. The publication of the private information was not necessary nor permitted.
143. The publication on the Internet of private matters has been to a large number of persons.
144. Defendant neither granted permission to publish the information, nor waived the right to privacy, privilege or confidentiality in the information.
145. The public has no legitimate concern in the amounts of coverage, and schedules of Defendant's homeowner's insurance, nor the limits of Defendant's liability insurance, nor the location and contents of Defendant's home.
146. The Plaintiff, without warning, published the information, some of which is so private as to bring shame and humiliation to a person of ordinary sensibilities, such as the settlement privileged communications.
147. The Plaintiff has refused to mitigate Defendant's damage by refusing to withdraw settlement privileged and financial information from the public or to request it be sealed despite demand thereof.

11

148. The publication of settlement privileged communication for the purported purpose of establishing diversity jurisdiction was unnecessary and unreasonable and avoidable.

Despite recitation of these elements, Plaintiff AIC argues that Defendant is still unable to state a claim because Plaintiff AIC is afforded an absolute privilege for the complained of disclosure. A motion to dismiss may be granted due to the applicability of an affirmative defense only when the counterclaim "clearly establishes 'on its face and without exception'" that the defense bars the claim. Sheehan v. Sheehan, 901 S.W.2d 57, 59 (Mo. banc 1995)(quoting Int'l Plastics Dev., Inc. v. Monsanto Co., 433 S.W.2d 291, 294 (Mo. banc 1968)); see also Burlison v. United States, 627 F.2d 119, 122 (8th Cir. 1980).

At this preliminary stage of litigation, it would be premature to dispositively rule whether Plaintiff AIC's alleged actions are absolutely privileged, thereby precluding recovery. The exact nature and full extent of the "private facts" are unknown. Moreover, the counterclaim does not "clearly establish on its face and without exception" that the defense bars Defendant's claim. Plaintiff AIC's motion to dismiss, motion to strike and motion for a more definite statement as to Count V are therefore denied.

**E.     COUNT VI**

Count VI is for "Promissory Estoppel." In order to state a cause of action for promissory estoppel, a party must plead: "(1) a promise; (2) promisee detrimentally relies on the promise; (3) promisor could reasonably foresee the precise action the promisee took in reliance; and (4) injustice can only be avoided by enforcement of the promise." Prenger v. Baumhoer, 939 S.W.2d 23, 26 (Mo. App. 1997). Here, Defendant has pled:

154. Plaintiff promised to repair weather related damage to Defendant's Residence.

12

> . . .
> 156. As a result of Plaintiff's failure to repair the Residence in accordance with its promise to do so, the Residence and its contents developed mold and fungi.
> 157. When Defendant noticed further water intrusions he continued to notify Plaintiff of the problem. Plaintiff never told Defendant it would not repair the Residence.
> 158. Defendant has not waived his election to have Plaintiff repair or replace the premises.
> 159. As a result of Plaintiff's representations and promises Defendant reasonabl[y] relied upon Plaintiff to repair, restore or replace the premises and was damaged thereby.
> 160. Plaintiff did not characterize the amount of its initial payment to Defendant as anything other than an initial payment for roof and water damage. . . .
> . . .
> WHEREFORE, Defendant prays adjudication that Plaintiff is promissorily estopped from asserting characterization of its payments [as] other than a credit against Defendant's total loss and for payment of the cost to replace the house and contents, for specific performance of Fireman's Funds' promise to pay for the property as a total loss, for his other damages, his costs and litigation expenses and for such other and further relief as may be appropriate.

Under federal courts' liberal pleading standards, the complaining party must plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must merely give the opposing party "fair notice of what the [pleader's] claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(quoting Conley, 355 U.S. at 47). Defendant has done just that. Plaintiff AIC's motion to dismiss, motion to strike and motion for a more definite statement as to Count VI of Defendant's counterclaim are denied.

**F. COUNT VII**

Count VII of Defendant's counterclaim is for "Tortious Interference with Contracts and Business Expectancies." The elements of a for tortious interference are the following: "(1) a valid business expectancy; (2) defendant's knowledge of the relationship; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages." Stehno v.

13

Sprint Spectrum, L.P., 186 S.W. 3d 247, 250 (Mo. banc 2006). Plaintiff AIC argues this claim should be dismissed because Defendant failed to plead Plaintiff AIC had knowledge of Defendant's specific relationship(s) or that Plaintiff AIC intended to induce a breach. I disagree.

Under federal courts' liberal pleading standards, the complaining party must only plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must merely give the opposing party "fair notice of what the [pleader's] claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512 (quoting Conley, 355 U.S. at 47). Such a "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id. (citing Conley, 355 U.S. at 47-48).

Defendant has satisfied this standard. His counterclaim for tortious interference contains the following averments:

168. In connection with Defendant's claim, and requests for resolution of the claims, Plaintiff was informed that Defendant is a practicing attorney in solo practice and had clients to whom he must devote his time and attention.
169. Plaintiff was aware that Defendant would suffer consequential damages in being forced to litigate, or otherwise attend to damages which Plaintiff caused.
170. By subjecting Defendant to depravation and expense, and the time required to attend to this action, Plaintiff has intentionally interfered with Defendant's relations with his clients, and diminished time that would otherwise have been available to attend to Defendant's business.
171. Plaintiff lacked justification for its conduct.
172. As a result of Plaintiff having forced Defendant to divert his energies from his business, and as a result of forcing Defendant to defend this lawsuit as well as thereby forcing Defendant to file and prosecute counterclaims to the exclusion of income producing work, Plaintiff has caused Defendant to suffer damage by lost income as well as increased expenses.

14

These averments make clear what issue Plaintiff AIC must meet and there does not appear to be any "insurperable bar to relief." As a result, Plaintiff AIC's motion to dismiss, motion to strike and motion for a more definite statement regarding Count VII are denied.

### G. COUNT XI

Count XI contains a claim for breach of contract. A party pleading breach of contract must show the making of a valid and enforceable contract, the right of one party and obligation of another under the contract, a violation or breach of the contract, and damages resulting from the breach. Koger, 28 S.W.3d at 413. Defendant pleads the existence of an insurance policy, the fact that Defendant made a claim pursuant to the policy, an alleged breach in that Plaintiff AIC did not process the claim in accordance with its own policies/procedures and did not objectively evaluate the claim, and that Defendant sustained damages as a result. Plaintiff AIC's motion to dismiss, motion to strike and motion for a more definite statement as to Count XI of Defendant's counterclaim are denied.

### H. COUNT XII

Count XII is a claim for breach of the covenant of good faith and fair dealing. "Breach of the implied duty of god faith and fair dealing is a contract action." Id. A party making a claim for the breach of the covenant of good faith and fair dealing thus must plead the breach of contract elements listed above. Here, Defendant alleges the existence of an insurance policy, the fact that Defendant made a claim pursuant to the policy, Plaintiff AIC's breach of the covenant of good faith and fair dealing by refraining to pay "rightful claims," and resulting damages. Plaintiff AIC's motion to dismiss, motion to strike and motion for a more definite statement as to Count XII of Defendant's counterclaim are denied.

15

Case 4:06-cv-00187-REL   Document 51   Filed 03/19/07   Page 15 of 16

Accordingly, it is

ORDERED that Plaintiff's AIC's Motion to Dismiss and Alternative Motion to Strike is granted in part and denied in part. It is further

ORDERED that Defendant amend his counterclaim to reflect the proper parties to this action. It is further

ORDERED that Counts III, IV, VIII, IX, X, and XIII are dismissed for failure to state a claim. It is further

ORDERED that Defendant amend Counts I, II and XIV to provide a more definite statement. It is further

ORDERED that Plaintiff AIC's motion is denied with respect to Counts V, VI, VII, XI, and XII. It is further

ORDERED that Plaintiff AIC and Defendant's respective requests for oral argument are denied.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
March 19, 2007